IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Tony L Brown, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:20-cv-0933-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Mt. Pleasant Police Department and Ofc. Botiz, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Tony L Brown, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. *See* (ECF Nos. 5, 11). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. This action was originally docketed as Case Number 6:19-cv-03300-TMC-KFM; however, on March 4, 2020, the court severed the instant matter, which was re-docketed under the case number captioned above.[1] (ECF No. 1). The court gave Plaintiff the opportunity to file an amended pleading and directed Plaintiff to provide the necessary information to bring the case into proper form for evaluation and to notify the Clerk's Office if his address changed. *Id*. at 3–4. Plaintiff provided some documents in response to the court's order; however, they were not completed correctly. (ECF No. 8).

Accordingly, the court entered a second proper form order on April 28, 2020 extending the time for Plaintiff to bring the case into proper form until May 11, 2020,[2] and advising Plaintiff that

---

[1] The initial action was severed into three separate cases because Plaintiff's claims stemmed from three separate incidents of alleged constitutional violations involving different defendants.

[2] Although the deadline in the order was May 8, 2020, pursuant to Federal Rule of Civil Procedure 6, Plaintiff was entitled to an additional three days because he was served with the order by mail.

failure to provide the necessary information and paperwork within the time permitted may result in dismissal of his case. (ECF No. 11 at 2). The order again directed Plaintiff to notify the clerk in writing of any change of address and warned him that if he failed to keep his address updated with the court, his case may be subject to dismissal. *Id*. at 3. On May 7, 2020, Plaintiff provided the remaining documents necessary to bring the case into proper form. (ECF No. 14).

Subsequently, on May 15, 2020, the magistrate judge issued an order noting that Plaintiff's complaint was subject to summary dismissal because the allegations failed to state a plausible claim for relief. (ECF No. 16 at 3–5). Accordingly, the magistrate judge granted Plaintiff an additional fourteen days to file an amended complaint, curing the deficiencies in his allegations. *Id*. at 6. The order further warned Plaintiff that if he failed to file an amended complaint and cure the deficiencies identified in the order, his case may be subject to dismissal with prejudice and without further leave to amend. *Id*. Despite the magistrate judge's warnings and the additional time granted, Plaintiff has not filed an amended complaint, nor has he responded to the court's order at all.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss the action with prejudice and without issuance or service of process for the same reasons identified in the May 15, 2020 order. (ECF No. 21). The Report was mailed to Plaintiff at the address he provided the court, (ECF No. 22), and has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received the Report. Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 21 at 8), but failed to do so. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, "[i]n the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation." *White v. Stacher*, C/A No. 6-05-1737-GRA-WMC, 2005 WL 8163324, at *1 (D.S.C. Aug. 29, 2005) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 21), which is incorporated herein by reference.  Therefore, this case is **DISMISSED with prejudice**[3] and without issuance and service of process.

---

[3] The magistrate judge's order, entered on May 15, 2020, informed Plaintiff that his Complaint was subject to summary dismissal because the allegations fail to state a cognizable cause of action. (ECF No. 16).  The order also warned Plaintiff that failure to file an amended complaint curing these deficiencies may result in dismissal without leave later amend the complaint.  *Id*. at 6.  Nevertheless, Plaintiff failed to respond to the court's order or file an amended complaint.  Accordingly, the court finds dismissal *with prejudice* is appropriate.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 26, 2020

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.